1  MORGAN, LEWIS & BOCKIUS LLP
   ANDREW J. GRAY IV, (SBN 202137)
2  agray@morganlewis.com
   MICHAEL F. CARR, (SBN 259911)
3  mcarr@morganlewis.com
   2 Palo Alto Square
4  3000 El Camino Real, Suite 700
   Palo Alto, CA  94306
5  Tel:    650.843.4000
   Fax:    650.843.4001
6
   Attorneys for Applicants
7  LG ELECTRONICS DEUTSCHLAND GMBH and
   LG ELECTRONICS JAPAN, INC.
8

9                  UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12 *In re Ex Parte* Application of,            Case No. **'12CV1197 JLS  MDD**

13 LG ELECTRONICS DEUTSCHLAND             **EX PARTE APPLICATION FOR AN**
   GMBH and LG ELECTRONICS JAPAN, INC.    **ORDER PURSUANT TO 28 U.S.C. §**
14                                         **1782 GRANTING LEAVE TO OBTAIN**
                   Applicants,             **DISCOVERY FOR USE IN FOREIGN**
15                                         **PROCEEDINGS AND SUPPORTING**
   For an Order Pursuant to 28 U.S.C. § 1782  **MEMORANDUM**
16 Granting Leave to Obtain Discovery from
   Qualcomm Incorporated for Use in Foreign
17 Proceedings.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 69704041.1

LGE'S EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

Applicants LG Electronics Deutschland GmbH ("LGE Germany") and LG Electronics Japan, Inc. ("LGE Japan") (collectively "LGE") hereby apply to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting LGE leave to obtain targeted discovery from Qualcomm Incorporated for use in foreign litigations. Final briefs are due in the foreign litigations on June 15, 2012, and June 18, 2012. This application is supported by the memorandum of points and authorities below and the Declaration of Andrew J. Gray IV, filed concurrently herewith. The proposed order and subpoena are attached to this application as Exhibits A and B, respectively.

## I. INTRODUCTION

Mitsubishi Electric Corporation and its subsidiaries ("Mitsubishi") filed lawsuits against LGE in jurisdictions around the world, alleging that LGE has infringed patents essential to practice several telecommunications standards. Under 28 U.S.C. § 1782, interested parties, such as LGE, may obtain discovery for use in foreign litigations from companies located within the United States.[1]

In support of its defenses to the actions filed by Mitsubishi against LGE in Germany and Japan, LGE seeks narrowly tailored discovery from its supplier of certain wireless communication chips, Qualcomm Incorporated ("Qualcomm"). Specifically, LGE seeks documents regarding whether Qualcomm had or has a license or is or was otherwise authorized to practice some or all of the patents that have been asserted by Mitsubishi against LGE.

LGE's application satisfies section 1782's three statutory requirements. First, LGE filed its application in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Qualcomm's headquarters are in San Diego, California. Second, LGE seeks the discovery "for use in a proceeding in a foreign . . . tribunal," *id*., including courts such as the Dusseldorf Regional Court in Germany and the Tokyo District Court in Japan. Third, Applicants LGE

---

[1] Courts within this Circuit have authorized *ex parte* filing of applications for discovery under 28 U.S.C. § 1782. *E.g., In re Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("it is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted *ex parte*. Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations and citations omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 69704041.1

1

LGE'S EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

Germany and LGE Japan qualify as "interested person[s]" in those foreign proceedings. *Id*. Indeed, they are named defendants. LGE Germany, a wholly-owned subsidiary of LGE Electronics, Inc., is the named defendant in the German cases, and LGE Japan, also a wholly-owned subsidiary of LG Electronics, Inc., is the named defendant in the Japanese case.

Moreover, the factors identified by the Supreme Court to guide courts' discretion in analyzing applications under section 1782 all favor granting LGE's request. Qualcomm is not a participant in the foreign proceedings, and section 1782 provides an effective mechanism for obtaining this targeted discovery across various cases. In addition, the foreign jurisdictions at issue are receptive to the type of discovery sought by LGE, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.

Accordingly, LGE respectfully requests that the Court enter the order attached as Exhibit A, allowing LGE to serve the subpoena attached as Exhibit B.

## II.   FACTUAL BACKGROUND

Mitsubishi filed lawsuits against LGE Germany in Germany's Dusseldorf Regional Court and against LGE Japan in Japan's Tokyo District Court. *See generally* Gray Decl. ¶¶ 4-9. Mitsubishi alleges that LGE infringes three European patents and three Japanese patents. *Id*. ¶¶ 5, 8. In each of these suits, Mitsubishi has focused its patent infringement allegations on aspects of wireless telecommunications standards, including certain Wideband Code Division Multiple Access (W-CDMA) wireless telecommunication standards. *Id*. ¶ 10. The functionalities accused by Mitsubishi in these actions generally relate to the wireless communications chips within W-CDMA cell phones, some of which are supplied by Qualcomm. *See id.* ¶ 13.

## III.   ARGUMENT

### A.   Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has "substantially

broadened the scope of assistance federal courts could provide for foreign proceedings." *Id*. at 247-49.

Section 1782 provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal …. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court "to grant a Section 1782 application where '(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *4 (N.D. Cal. Sept. 15, 2010) (*quoting In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1728 applications. These factors include whether "the person from whom discovery is sought is a participant in the foreign proceeding"; "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; whether the request is "an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Chevron Corp. v. E-Tech Int'l*, No. 10-CV-1146-IEG(WMc), 2010 U.S. Dist. LEXIS 94396 at *11 (S.D. Cal. September 10, 2010).

**B.     LGE's Application Meets the Section 1782 Requirements**

LGE's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Qualcomm, "resides or is found" in this district. 28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 69704041.1

3

LGE'S EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. *See* Gray Decl. Ex. 1 (excerpt of Qualcomm 2010 10K at 1.)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, LGE seeks the information for use in establishing at least license defenses in patent infringement actions brought by Mitsubishi in two foreign tribunals: the Dusseldorf Regional Court in Germany and the Tokyo District Court in Japan. As previous cases have recognized, these and foreign adjudicative bodies qualify as "tribunals" for purposes of section 1782. *See, e.g., Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany"); *Marubeni Am. Corp. v. LBA Y.K*, 335 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese District Court in Tokyo").

Third, as named parties in the foreign actions, Applicants LGE Germany and LGE Japan qualify as "interested person[s]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the interested person[s]' who may invoke § 1782"); *see Heraeus Kulzer, GmbH v. Biomet, Inc*., 633 F.3d 591, 594 (7th Cir. 2011).

Accordingly, LGE has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. **The Supreme Court's *Intel* Factors Strongly Favor Granting LGE's Application**

In addition, the factors identified by the Supreme Court in *Intel* and later cases weigh heavily in favor of the Court exercising its discretion to grant LGE's request for discovery.

#### 1. **Qualcomm Is Not a Party in the Foreign Proceedings**

The *Intel* Court first asked whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). Here,

Qualcomm is not a party to the foreign litigations, and the material sought—licenses in Qualcomm's possession—may not be within the foreign tribunal's jurisdictional reach. *See Heraeus Kulzer*, 633 F.3d at 597 (authorizing section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009 U.S. Dist. LEXIS 3416 at *13 (holding that "petitioner need only show that the information" sought under section 1782 "will be useful").

### 2. LGE Seeks Highly Relevant Information that Will Assist the Foreign Courts

The *Intel* Court next counseled courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Mitsubishi's allegations of patent infringement, discovery regarding potentially relevant license agreements would be critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Moreover, prior cases have recognized the receptiveness of the jurisdictions at issue here to the use of discovery obtained through section 1782. *E.g., Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *Marubeni*, 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office*, 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *see also In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1115-16 (E.D. Wis. 2004) (Germany and Japan).

### 3. No Foreign Discovery Restrictions Bar LGE's Requested Discovery

Next, while holding that section 1782 does not require that the information sought be discoverable in the foreign action, the *Intel* Court stated that a court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other

policies of a foreign country or the United States." *Intel*, 542 U.S. at 260-63, 265.[2]  Here, LGE is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through section 1782.  To the contrary, as noted above, courts have routinely granted applications under section 1782 for evidence to be used in the foreign courts at issue here.  *E.g., Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Marubeni*, 335 Fed. App'x. at 98 (Japan).

### 4. **LGE's Discovery Is Narrowly Tailored to Avoid Undue Burden**

The *Intel* Court finally noted that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.  Here, LGE's proposed discovery requests are narrowly tailored and minimally burdensome.  LGE is requesting document discovery on only one topic, targeted to a small, discrete set of documents: patent licenses between Qualcomm and Mitsubishi.  The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

### 5. **Granting LGE's Section 1782 Request Would Promote Efficient Discovery**

Courts have also considered other evidence bearing on whether the discovery sought accomplishes the goals of the statute, which include "providing efficient means of assistance to participants in international litigation in our federal courts." *Marubeni*, 335 F. App'x at 96 (internal quotation omitted).  Here, given the multiple worldwide cases and complex nature of the litigations between LGE and Mitsubishi, section 1782 provides an effective means for obtaining the discovery sought by LGE.  Rather than seeking the same discovery in each of the foreign litigations, LGE can obtain the discovery with one application under section 1782.  *See Procter & Gamble*, 334 F. Supp. 2d at 1115 (observing that it would be inefficient to require party to patent infringement actions in Germany, Japan, the Netherlands, France and the United Kingdom "to seek the same discovery" in each of them).

---

[2] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("only upon authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782 should a district court refrain from granting the assistance offered by the act.") (emphasis in original); *Procter & Gamble*, 334 F. Supp. 2d at 1116 (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

Accordingly, the *Intel* factors strongly favor the Court exercising its discretion to grant LGE's application. Indeed, courts in this Circuit have routinely permitted discovery under section 1782, where, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief. *E.g.,Chevron Corp. v. E-Tech Int'l*, No. 10-CV-1146-IEG(WMc), 2010 U.S. Dist. LEXIS 94396 at *20; *In re Apple, Inc.*, No. 11-mc-1268, slip op. (S.D. Cal. October 13, 2011) (Gray Decl. Ex. 2); *In re Am. Petroleum Institute*, 11-80008-JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Gray Decl. Ex. 3); *In re Ecuador*, 2010 U.S. Dist. LEXIS 102158, at *16; *London*, 279 F. App'x at 513; *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010 U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Gray Decl. Ex. 4).

## IV.   CONCLUSION

LGE seeks narrowly tailored discovery for use in several currently pending foreign proceedings. Because LGE's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, LGE respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

Dated: May 16, 2012                                         MORGAN, LEWIS & BOCKIUS LLP

                                                            By   s/ Andrew J. Gray IV
                                                                 ANDREW J. GRAY IV

                                                            Attorneys for Applicants
                                                            LG ELECTRONICS DEUTSCHLAND
                                                            GMBH and LG ELECTRONICS JAPAN,
                                                            INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 69704041.1

7

LGE'S EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782