# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF LG ELECTRONICS DEUTSCHLAND GMBH and LG ELECTRONICS JAPAN, INC.,<br><br>Applicants. | CASE NO. 12cv1197-LAB (MDD)<br><br>ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 [Doc. No. 1] |

On May 16, 2012, LG Electronics Deutschland., et al., ("Applicant" or "LG") filed an Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm, Inc., ("Qualcomm") for use in Foreign Proceedings. (Doc. No. 1). The application seeks permission to serve a subpoena upon Qualcomm to obtain information for use in certain lawsuits pending in Germany and Japan brought by Mitsubishi Electric Corporation against LG alleging patent infringement. The proposed subpoena requires the production of the following:

> "1. All Documents that grant or granted, or purport or purported to grant, to Qualcomm any rights, protections, or licenses in or to any Mitsubishi IPR—including without limitation Mitsubishi Wireless IPR, regardless of whether it is Essential Wireless IPR – that provide or provided a covenant not to sue relating to any Mitsubishi IPR, or that otherwise authorize or authorized Qualcomm to practice any Mitsubishi IPR, including but not limited to all agreements, amendments,

appendices, attachments, schedules, and addendums.

## I. LEGAL STANDARD

A district court may grant an application pursuant to 28 U.S.C. § 1782 where: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or internal tribunal or any interested person. *See, e.g., Lazaridis v. International Centre for Missing and Exploited Children*, 760 F.Supp.2d 109, 112 (D.D.C. 2011).

Even if these requirements are met, a district court retains the discretion to deny the request. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004); *In re Premises Located at 840 140th Avenue., N.E., Bellevue, Wash.,* 634 F.3d 557, 563 (9th Cir. 2011). The Supreme Court, in *Intel*, identified several factors that a court should consider in ruling on a request under § 1782:

> "(1) whether the material sought is within the foreign tribunal's jurisdictional reachand thus accessible absent Section 1782 aid;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;
> (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and,
> (4) whether the subpoena contains unduly intrusive or burdensome requests."

542 U.S. at 264-65.

## II. DISCUSSION

**A. Authority to Issue Subpoena**

Having reviewed the application and the response of LG, the Court finds that the statutory requirements have been satisfied. Qualcomm is located in the Southern District of California, there is a pending proceeding in the German and Japanese courts and LG is an "interested party" as it is a named defendant in the German and Japanese action.

//

//

**B. Discretionary Factors**

  **1. Jurisdictional Reach of Foreign Tribunal**

The Supreme Court, in *Intel*, stated that,

> "when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."

542 U.S. at 264.

In the instant case, Qualcomm is not a party to the German or Japanese lawsuits so, on first blush, it appears that this factor should favor LG. But, the information to be sought from Qualcomm, as provided above, relates exclusively to Qualcomm's licensing or authorized use of Mitsubishi intellectual property. Mitsubishi is the plaintiff in the German action. Mitsubishi must also be in possession of that information. LG has not explained why that information cannot be obtained from Mitsubishi in either lawsuit. Although § 1782 does not have an "exhaustion" requirement, the Court is permitted, in deciding how to exercise its discretion, to consider whether the applicant has availed itself of discovery procedures in the foreign forum. *See In re Degitechnic*, 2007 WL 1367697 at *4 (W.D.Wash. 2007).

Accordingly, the Court finds that this factor actually weighs against granting this application.

  **2. Nature and Receptivity of Foreign Tribunal**

LG has made a sufficient showing that the German and Japanese courts would be receptive to the introduction of evidence obtained pursuant to § 1782. Consequently, this Court views this factor as favoring the Applicant.

//
//

**3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies**

Applicant claims to be "unaware of any restrictions on proof-gathering that would prohibit obtaining the discovery it seeks through Section 1782." (Doc. No. 1 at 6). The Court finds that the Applicant has demonstrated relevance. On the other hand, as discussed above, LG has not addressed the availability of this information from Mitsubishi utilizing the discovery procedures of the host courts. So, while there is no evidence that LG is seeking to circumvent restrictions that may exist in the host courts, this factor does not help to convince the Court to exercise its discretion in favor of the Applicant.

**4. Undue Intrusion or Burden**

Applicant claims to have drawn a narrow subpoena so that the impact upon Qualcomm would be minimal. This Court is aware, however, that the type of information sought in this case normally is the subject of protective orders. *See, e.g., In re Apple,* 12cv179-LAB (POR), docket number 9. Having not suggested any limitation upon the use of this information, the Court has some concerns regarding confidentiality.

**C.   Final Analysis**

The Court finds that the *Intel* factors do not clearly dictate the manner in which the Court should exercise its discretion in this case. But, considering that our courts favor broad discovery generally, the Court will authorize the issuance of the requested subpoena. The Court will require that the subpoena be served upon Qualcomm and upon Mitsubishi and include a copy of this Order.

### III.  CONCLUSION

The application is **GRANTED**. Applicant is **ORDERED** to serve the subject subpoena and a copy of this ORDER upon Qualcomm and upon Mitsubishi. Nothing herein prevents Qualcomm or Mitsubishi, as a party in interest, from asserting any rights it may have to challenge the subpoena after it is served. Any such challenge

1 | must be filed as a motion in this docket.
2 |     IT IS SO ORDERED.
3 | DATED: May 21, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge