1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11

12   *In re Ex Parte* Application of,              Case No. 12CV1197-JLS (MDD)

13   LG ELECTRONICS DEUTSCHLAND              **STIPULATED PROTECTIVE ORDER**
     GMBH and LG ELECTRONICS JAPAN, INC.    **REGARDING MATERIALS**
14                                           **PRODUCED BY QUALCOMM**
                    Applicants,              **INCORPORATED AS MODIFIED BY**
15                                           **THE COURT**
     For an Order Pursuant to 28 U.S.C. § 1782
16   Granting Leave to Obtain Discovery from
     Qualcomm Incorporated for Use in Foreign
17   Proceedings.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

**1.**     **PURPOSES AND LIMITATIONS**

       Disclosure and discovery activity in this action and related Proceedings, as defined below, are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Proceedings may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

       1.1    Limitation on Scope: This Stipulated Protective Order shall apply exclusively to Qualcomm Incorporated's production of discovery pursuant to the Court's Order Granting LGE's *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for an Order Granting Leave to Obtain Discovery for Use in Foreign Proceedings. For avoidance of doubt, this Stipulation shall not apply to any other production of discovery. Any documents produced by Qualcomm may be used by Applicants LG Electronics Deutschland GmbH and LG Electronics Japan, Inc. (collectively "LGE") with respect to any Proceeding, as defined below, and for no other purpose whatsoever.

**2.**     **DEFINITIONS**

       2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

       2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

       2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

       2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Palo Alto

1

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or any Proceeding, (2) is not a past or current employee of a Party or of a Qualcomm competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of an Qualcomm competitor.

2.6 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action or any Proceeding. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action or any Proceeding.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action or any Proceeding but are retained to represent or advise a party to this action or any Proceeding and have appeared in this action or a Proceeding on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action or any Proceeding, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

Qualcomm.

2.14    <u>Proceedings</u>: Any action in a jurisdiction not within the United States or any territories of the United States which Mitsubishi Electric Corporation or one or more of Mitsubishi's subsidiaries (collectively "Mitsubishi") alleges patent infringement and such allegations implicate or may implicate a component supplied to LGE by Qualcomm Incorporated or any of Qualcomm Incorporated's subsidiaries (collectively "Qualcomm"), including but not limited to:

      i.    Case No. 47835 of 2010 pending in the Tokyo District Court (Civil Department No. 29A), Japan, in which Mitsubishi is asserting patent infringement claims against LG Electronics Japan, Inc.

      ii.    Case Nos. 4b O 303/10, 4b O 45/11, and 4b O 46/11 pending in the Regional Court of Dusseldorf (4b Civil Division), Germany, in which Mitsubishi is asserting patent infringement claims against LG Electronics Deutschland GmbH.

However, to the extent that the law of a country in which a Proceeding occurs prohibits a provision of this Stipulated Protective Order, that provision shall not apply to that Proceeding.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to Qualcomm. Any

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

1  use of Protected Material at trial shall be governed by a separate agreement or order.

2  **4.     DURATION**

3         Even after final disposition of this litigation and the Proceedings, the confidentiality

4  obligations imposed by this Order shall remain in effect until Qualcomm agrees otherwise in

5  writing or a court order otherwise directs. Final disposition shall be deemed to be the later of

6  (1) dismissal of all claims and defenses in all Proceedings, with or without prejudice; and (2) final

7  judgment in all Proceedings after the completion and exhaustion of all appeals, rehearings,

8  remands, trials, or reviews of this action and the Proceedings, including the time limits for filing

9  any motions or applications for extension of time pursuant to applicable law.  This Court will

10  retain jurisdiction over this action for the purpose of enforcement of this Order for one (1) year

11  following final disposition.  Each Party hereby consents to the specific jurisdiction of the Court

12  for that purpose.

13  **5.     DESIGNATING PROTECTED MATERIAL**

14        5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

15  (see, e.g., second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered,

16  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

17  designated before the material is disclosed or produced.

18        Designation in conformity with this Order requires:

19        (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

20  excluding transcripts of depositions or other pretrial or trial proceedings), that Qualcomm affix

21  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

22  to each page that contains protected material.  If only a portion or portions of the material on a

23  page qualifies for protection, Qualcomm also must clearly identify the protected portion(s) (e.g.,

24  by making appropriate markings in the margins) and must specify, for each portion, the level of

25  protection being asserted.

26        If Qualcomm makes original documents or materials available for inspection, it need not

27  designate them for protection until after the inspecting Party has indicated which material it

28  would like copied and produced. During the inspection and before the designation, all of the

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

4

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
copied and produced, Qualcomm must determine which documents, or portions thereof, qualify
for protection under this Order.  Then, before producing the specified documents, the Qualcomm
must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion
or portions of the material on a page qualifies for protection, Qualcomm also must clearly identify
the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,
for each portion, the level of protection being asserted.

     (b) for testimony given in deposition or in other pretrial or trial proceedings, that the
Parties attending the deposition identify on the record, before the close of the deposition, hearing,
or other proceeding, that any testimony concerning Protected Material be designated with the
same level of protection as the Protected Material.

     Parties shall give Qualcomm notice if they reasonably expect a deposition, hearing or
other proceeding to include Protected Material so that Qualcomm can ensure that only authorized
individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are
present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any
way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."

     Transcripts containing Protected Material shall have an obvious legend on the title page
that the transcript contains Protected Material, and the title page shall be followed by a list of all
pages (including line numbers as appropriate) that have been designated as Protected Material and
the level of protection being asserted by Qualcomm.  Qualcomm shall inform the court reporter of
these requirements.

     (c) for information produced in some form other than documentary and for any other
tangible items, that Qualcomm affix in a prominent place on the exterior of the container or
containers in which the information or item is stored the legend "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

5

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

the information or item warrant protection, Qualcomm, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.2    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Qualcomm's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to Qualcomm's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis of the challenge to Qualcomm. To avoid ambiguity as to whether a challenge is being made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give Qualcomm an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that Qualcomm is unwilling to participate in the meet and confer process in a timely manner.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, Qualcomm shall file and serve a motion to retain confidentiality under Civil Local Rule 7.1 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by Qualcomm to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on Qualcomm. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless Qualcomm has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Qualcomm's designation until the court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by Qualcomm in connection with this case only for prosecuting, defending, or attempting to settle the Proceedings. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Proceedings have been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

7

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

Nothing in this Protective Order shall prevent or restrict a Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Party from showing its own Discovery Material to an individual who prepared the Discovery Material.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by Qualcomm, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and the Proceedings, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and the Proceedings;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel in each of the Proceedings;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the Proceedings to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by Qualcomm or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

---

[1]  On request by Qualcomm, the Receiving Party shall store any electronic Protected Material in password-protected form.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by Qualcomm, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and the Proceedings;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the Proceedings, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel in each of the Proceedings;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by Qualcomm, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to Qualcomm that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

9

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court or administrative agency) any litigation or administrative proceedings in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 court days of delivering the request, the Party receives a written objection from Qualcomm.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with Qualcomm (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7.1.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by Qualcomm for its refusal to approve the disclosure.

In any such proceeding, Qualcomm shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[2]  If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with Qualcomm regarding any such engagement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify Qualcomm in writing.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by Qualcomm.[3]

If Qualcomm objects, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued.  Qualcomm shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify Qualcomm in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[3]  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford Qualcomm an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

11

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When Qualcomm gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11.    MISCELLANEOUS**

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  Without written permission from Qualcomm or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  To the extent available in the jurisdictions where the Proceedings are pending, a Party that seeks to file confidentially any Protected Information must comply with all applicable rules governing such filings (including, for example, rules requiring a court order authorizing the confidential filing of the specific Protected Information at issue).  To the extent confidential filing is not available in the jurisdiction where Proceedings are pending, a Party will provide notice to Qualcomm and all interested persons before filing any confidential documents and will work together with Qualcomm and all interested persons, including all other Parties to the Proceedings, to allow the use of such information while providing confidentiality

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

12

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

protections.  Notwithstanding the foregoing, a Party requesting a court order regarding the filing of Protected Information may disclose to the Court a description of the nature of the Protected Information sufficient for the Court to rule on the request for an order.

**12.    FILING UNDER SEAL & MODIFICATIONS PER CHAMBERS RULE VII**

12.1    No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed

12.2    The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of all of the Proceedings, as defined in paragraph 2.14, each Receiving Party must return all Protected Material to Qualcomm or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Qualcomm (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

13

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

this Protective Order as set forth in Section 4 (DURATION).

14.    **NOTICE**

      Notices or requests made pursuant to this Protective Order may be made to the following

entities by email, fax, or mail to the persons listed below:

      **As to LGE:**

      Andrew J. Gray IV
      agray@morganlewis.com
      Morgan, Lewis & Bockius LLP
      2 Palo Alto Square
      3000 El Camino Real, Suite 700
      Palo Alto, CA  94306
      Tel: (650) 843-4000
      Fax: (650) 843-4001

      **As to Qualcomm:**

      John A. Scott
      jascott@qualcomm.com
      Vice President, Legal Counsel
      Qualcomm Incorporated
      5775 Morehouse Drive
      San Diego, CA 92121
      Tel: (858) 651-5396

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

14

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2                                 MORGAN, LEWIS & BOCKIUS LLP

3    DATED: May 30, 2012            s/ Andrew J. Gray IV
4                                  ANDREW J. GRAY IV
                                   Attorneys for Applicants
5                                  LG ELECTRONICS DEUTSCHLAND GMBH and
                                   LG ELECTRONICS JAPAN, INC.
6

7    DATED: May 30, 2012            s/ John A. Scott
8                                  JOHN A. SCOTT
                                   Attorneys for QUALCOMM INCORPORATED
9

10   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11   DATED: June 18, 2012
12                                 HON. MITCHELL D. DEMBIN
                                   United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

15                  STIPULATED PROTECTIVE ORDER RE MATERIALS
                    PRODUCED BY QUALCOMM INCORPORATED
                    CASE NO. 12CV1197-JLS (MDD)

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Southern District of

California on _____[date] in the case of *In re LG Electronics Deutschland GmbH*, Case

No. 512CV1197-LAB (MDD).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

16

STIPULATED PROTECTIVE ORDER RE MATERIALS
PRODUCED BY QUALCOMM INCORPORATED
CASE NO. 12CV1197-JLS (MDD)